IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Allied Feather & Down Corp., | : | |
| | : | Case No. 1:20-cv-516 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Denying Motion for Judgment on |
| Down-Lite International, Inc., | : | the Pleadings |
| | : | |
| Defendant. | : | |

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings (Doc. 53).[1] Defendant Down-Lite International, Inc. ("Down-Lite") argues that the Court cannot as a matter of law award Plaintiff Allied Feather & Down Corp. ("Allied") the declaratory relief it seeks. Allied has filed a Memorandum in Opposition (Doc. 54) to which Down-Lite filed a Reply (Doc. 55). For the reasons that follow, the Court will **DENY** the Motion for Judgment on the Pleadings.

I.  **BACKGROUND**

The background facts are derived from the First Amended Complaint. Allied and Down-Lite are competitors in the down feather industry. A dispute between them arose in late November 2019 when Allied hired Chad Altbaier, a former executive of Down-Lite. Allied alleges that Altbaier warranted in his employment agreement with Allied that his employment would not conflict with any obligation he had to a third party. Altbaier was employed by Allied for approximately two months through January 2020. Allied terminated Altbaier on January 29, 2020 after Down-Lite claimed that Allied was legally prohibited from employing or communicating with Altbaier pursuant to the Temporary Restraining Order issued by Magistrate

---

[1] Also pending before the Court is Plaintiff's Motion to Transfer Venue (Doc. 56). The Court will resolve that Motion in a separate order after it is fully briefed.

Judge Karen L. Litkovitz in *Down-Lite International, Inc. v. Altbaier*, No. 1:19-cv-627 (S.D. Ohio) ("*Altbaier* Lawsuit").

On January 30, 2020, Allied initiated this action against Down-Lite in the Superior Court of the State of California, County of Los Angeles, Central District, Case No. 20STCV03986 on January 30, 2020. (Doc. 1-1.) In both the Complaint and the Amended Complaint, Allied sought "a judicial declaration that it is not legally prohibited from employing Mr. Altbaier." (*Id.* at PageID 21; Doc.6 at PageID 945.)[2]

On February 27, 2020, Down-Lite removed this action to the U.S. District Court for the Central District of California. (Doc. 1.) Down-Lite next filed Counterclaims, then Amended Counterclaims, in the Central District of California alleging that Allied was liable for intentional interference with contractual relations and intentional interference with prospective economic relations. (Docs. 13, 15.) Thereafter, the action was transferred to this Court, where the *Altbaier* Lawsuit also was pending.

Upon motion by Down-Lite, this Court consolidated this action with the *Altbaier* Lawsuit. (Doc. 48.) The Court found that the cases "involve common questions of law and fact, including whether Chad Altbaier violated noncompete obligations to Down-Lite International when he was employed by Allied Feather & Down." (*Id.* at PageID 1000.) The Court re-separated the cases on September 2, 2020 when the parties in the *Altbaier* Lawsuit reached a settlement. (Doc. 50.)

Down-Lite then filed the Motion for Judgment on the Pleadings pending before the Court. Allied opposes the Motion.

---

[2] In the First Amended Complaint, Allied dropped state law tort claims for damages that he had asserted against Down-Lite in the Complaint.

**II. STANDARD OF LAW**

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings. The legal standard for adjudicating a Rule 12(c) motion is the same as that for adjudicating a Rule 12(b)(6) motion. *Lindsay v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007). Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a dismissal motion, a complaint must contain "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A district court examining the sufficiency of a complaint must accept the well-pleaded allegations of the complaint as true. *Id.*; *DiGeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 509 (6th Cir. 2014).

**III. ANALYSIS**

Down-Lite moves for judgment on the pleadings as to Allied's claim for declaratory relief. Allied seeks a declaration that it is not legally prohibited from employing Altbaier. Down-Lite argues that the Court cannot issue a declaration in favor of Allied because the Preliminary Injunction entered in favor of Down-Lite in the *Altbaier* Lawsuit precludes it. The Court disagrees. To understand why, it is necessary to more fully explain what happened in the *Altbaier* Lawsuit.

3

1. *Altbaier* Lawsuit

Chad Altbaier was an employee of Down-Lite, and he was also a nominal shareholder in the company. Altbaier signed an Amended and Restated Close Corporation and Shareholder Agreement dated March 8, 2013 ("Shareholder Agreement") as a Trustee of the Robert H. Altbaier Family Grantor Trust dated 11/28/12. (Doc. 13-1 at PageID 274.)[3] The Shareholder Agreement contained broad restrictive covenants applicable to all Shareholders, including provisions prohibiting Altbaier from being connected with an entity engaged in competition with Down-Lite and prohibiting Altbaier from soliciting business from customers of Down-Lite. (*Id.* at PageID 251.)

Down-Lite initiated the *Altbaier* Lawsuit in state court. A state court judge issued a Temporary Restraining Order on July 22, 2019. (Doc. 13-2 at PageID 284.) He restrained Altbaier from using or disclosing any Down-Lite trade secrets or confidential information, including customer information, and he restrained Altbaier from working for a Down-Lite competitor within the United States. (*Id.* at PageID 284–285.) After the case was removed and transferred, on November 5, 2019, the Magistrate Judge issued a Report and Recommendation recommending that the Temporary Restraining Order be dissolved and that the Court deny a preliminary injunction to Down-Lite. (No. 1:19cv627, Doc. 60 at PageID 1537.)[4] Down-Lite filed Objections to the Report and Recommendation. (No. 1:19cv627, Doc. 62.)

The Court issued the Order Rejecting Report and Recommendation and Granting

---

[3] Several of the key documents from the *Altbaier* Lawsuit also were filed in this action.

[4] This Court previously acknowledged confusion in the *Altbaier* Lawsuit record regarding when the TRO was dissolved. (Doc. 13-3 at PageID 292.) The Magistrate Judge issued an Order on August 8, 2019 in which she instructed that the TRO would continue in effect until the end of the preliminary injunction hearing. (No. 1:19cv627, Doc. 18 at PageID 296.) The preliminary injunction hearing ended on August 29, 2020. This Court affirmed the authority of the Magistrate Judge to dissolve the TRO as a non-dispositive order. (No. 1:19cv627, Doc. 48 at PageID 1304.) Nonetheless, in the Report and Recommendation issued November 5, 2019, the Magistrate Judge recommended dissolving the TRO, implicitly finding that it was still in place. (No. 1:19cv627, Doc. 60 at PageID 1537.)

Preliminary Injunction ("Preliminary Injunction Order") in the *Altbaier* Lawsuit on February 27, 2020. (Doc. 13-3.) Significantly, the Court concluded that Down-Lite established that it had protectable interests in its relationships with its outdoor apparel customers, but not in its customer lists, supply chain information, or pricing information. (*Id.* at PageID 299.) Accordingly, the Court found that it "would be unreasonable to broadly prohibit Altbaier from working for a competitor in these circumstances." (*Id.* at PageID 303.) The Court exercised its authority under *Raimonde v. Van Vlerah*, 42 Ohio St. 2d 21, 325 N.E.2d 544 (1975), to modify the restrictive covenant in the Shareholder Agreement to make it reasonable. The Court only enjoined Altbaier "through August 31, 2020 from soliciting, directly or indirectly, or otherwise diverting away from Down-Lite, the sale of down insulation to companies who were Down-Lite's existing outdoor apparel customers as of June 30, 2019." (*Id.* at PageID 307.)

The Preliminary Injunction Order did not resolve the *Altbaier* Lawsuit. Claims for damages remained pending. However, the parties agreed to settle and filed a Stipulation for Entry of Consent Decree and Order on September 17, 2020. (No. 1:19-cv-627, Doc. 114.) The parties executed a Settlement Agreement and Release, the terms of which were not disclosed to the Court, and then entered into the Consent Decree and Order. (No. 1:19-cv-627, Doc. 115.) In the Consent Decree and Order, Altbaier agreed that he would not "on or before December 31, 2020, have any communication in any regard (text, email, phone, Whatsapp messages, social media direct messages, Facebook posts, or other), directly or indirectly, with any Outerwear Representative of the entities identified in the [Settlement] Agreement." (*Id.* at PageID 2192.)

    2.    **Effect of the *Altbaier* Lawsuit on this Action**

Down-Lite mistakenly argues that, in the Preliminary Injunction in the *Altbaier* Lawsuit, this Court enforced restrictive covenants in the Shareholder Agreement that prohibited Altbaier

5

from working for a competitor such as Allied.  It did not.  The Preliminary Injunction Order enforced a narrower restriction upon Altbaier than the Shareholder Agreement purported to impose.  The Court found that Down-Lite's only protectible interest was in its customer relationships, so the Court enjoined only to whom Altbaier could solicit the sale of down insulation.  The Preliminary Injunction did not restrict by what company Altbaier could be employed.  It would not have barred this Court from determining that Allied could employ Altbaier.

More fundamentally, the Preliminary Injunction Order is no longer applicable.  It expired by its terms on August 31, 2020.  Altbaier and Down-Lite now have agreed to be bound by a Settlement Agreement, but the terms of their private agreement are not binding upon Allied.  The Court also has entered a Consent Decree and Order in the *Altbaier* Lawsuit by which Altbaier has agreed not to communicate with certain outerwear representatives of the entities identified in the Settlement Agreement.  The Court does not know the names of the entities listed in the Settlement Agreement.  Regardless, the Consent Decree and Order also is not binding upon Allied.  Moreover, the restriction upon Altbaier in the Consent Decree and Order will expire on December 31, 2020.  By contrast, the deadline for discovery in this case between Allied and Down-Lite is not until May 3, 2021.  Down-Lite has not established as a matter of law that the Court will have to deny declaratory relief to Allied.

### IV. CONCLUSION

For the foregoing reasons, Down-Lite's Motion for Judgment on the Pleadings (Doc. 53) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 16th day of November, 2020.

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge