IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Allied Feather & Down Corp., | |
| | Case No. 1:20-cv-516 |
| Plaintiff and Counterclaim Defendant, | |
| | Judge Susan J. Dlott |
| v. | |
| Down-Lite International, Inc., | Order Granting Motion to Transfer Venue |
| Defendant and Counterclaim Plaintiff. | |

This matter is before the Court on the Motion to Transfer Venue (Doc. 56) filed by Plaintiff and Counterclaim Defendant Allied Feather and Down Corp. ("Allied"). Allied initiated this case in California, but it was transferred here upon the motion of Defendant and Counterclaim Plaintiff Down-Lite International, Inc. ("Down-Lite"). Allied now moves the Court to re-transfer the case back to the Central District of California. For the reasons that follow, the Motion to Transfer Venue will be **GRANTED**.

I.   **BACKGROUND**

The background facts are derived from the First Amended Complaint. (Doc. 6.) Allied, a California corporation, and Down-Lite, an Ohio corporation, are competitors in the down feather industry. A dispute between them arose in late November 2019 when Allied hired Chad Altbaier, a former executive of Down-Lite who resides in California. Allied alleges that Altbaier warranted in his Employment Agreement that his employment would not conflict with any obligation he had to a third party. Altbaier was employed by Allied for approximately two months through January 2020. Allied terminated his employment on January 29, 2020 after

Down-Lite claimed that Allied was legally prohibited from employing or communicating with Altbaier pursuant to a Temporary Restraining Order that had been issued in the matter of *Down-Lite International, Inc. v. Altbaier*, No. 1:19-cv-627 (S.D. Ohio) ("*Altbaier* Lawsuit").

On January 30, 2020, Allied initiated this action against Down-Lite in the Superior Court of the State of California, County of Los Angeles, Central District, Case No. 20STCV03986. (Doc. 1-1.) In both the Complaint and the Amended Complaint, Allied sought "a judicial declaration that it is not legally prohibited from employing Mr. Altbaier." (*Id.* at PageID 21; Doc. 6 at PageID 945.) On February 27, 2020, Down-Lite removed this action to the United States District Court for the Central District of California. (Doc. 1.) Down-Lite next filed Counterclaims, then Amended Counterclaims, against Allied alleging that it was liable for intentional interference with contractual relations and intentional interference with prospective economic relations. (Docs. 13, 15.)

Thereafter, Down-Lite moved to transfer this action to the Southern District of Ohio, the situs of the *Altbaier* Lawsuit. (Doc. 16.) Judge John A. Kronstadt of the Central District of California granted the Motion to Transfer. (Doc. 33.) After transfer, this Court consolidated this action with the *Altbaier* Lawsuit. (Doc. 48.) The Court found that the cases "involve common questions of law and fact, including whether Altbaier violated noncompete obligations to Down-Lite International when he was employed by Allied Feather & Down." (*Id.* at PageID 1000.) The Court re-separated the cases on September 2, 2020 after the parties in the *Altbaier* Lawsuit reached a settlement. (Doc. 50.) Following the separation of the cases, Allied moved to re-transfer the case back to the Central District of California. The Motion to Transfer Venue is now fully briefed and ripe for adjudication.

2

## II. STANDARD OF LAW AND ANALYSIS

The transfer of venue statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The law of the case doctrine also must be considered here because Allied seeks to re-transfer this case back to the Central District of California. *See Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991). "[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Id.* (quoting *Ariz. v. Cal.*, 460 U.S. 605, 618 (1983)). There are valid reasons to depart from a rule of the case, including when changed conditions—unforeseen, extraordinary, or unusual circumstances—have frustrated the purpose of the transfer. *Scooter Store, Inc. v. Spinlife.com, LLC*, No. 2:10-cv-00018, 2010 WL 3489013, *1, 5 (S.D. Ohio Sept. 1, 2010), *aff'd* 2011 WL 1072476 (S.D. Ohio Mar. 21, 2011).

The decision of Judge Kronstadt in the Central District of California transferring the case to this judicial district is the law of the case. The primary fact influencing Judge Kronstadt's § 1404 transfer analysis was the existence of the *Altbaier* Lawsuit pending in this judicial district. He highlighted the "significant overlap between the core factual and legal issues presented in" this case and the *Altbaier* Lawsuit. (Doc. 33 at PageID 922.) He concluded that "the greatest weight is accorded to the interests of justice and the direct connection to the [*Altbaier* Lawsuit] in the Southern District of Ohio." (*Id.* at PageID 922.)

The procedural landscape has significantly changed due to the settlement of the *Altbaier* Lawsuit in September 2020. There are no longer trial management efficiencies to be gained by adjudicating the case in this forum. The district court adjudicating this case will have to

3

determine if Allied's employment of Chad Altbaier was a violation of his Shareholder Agreement or an order of this Court, if so, whether Allied knew it was a violation, and if so, the amount of damages caused to Down-Lite by that violation. This Court did not directly rule on the first issue in the *Altbaier* Lawsuit, and it was never presented with the second two issues. This Court also has not considered the legal significance of the Employment Agreement between Allied and Altbaier, a contract governed by California law and signed by a company and individual both residing in California. Although the convenience of parties and witnesses does not weigh in favor of either forum—Allied's witnesses and evidence are in Califoria and Down-Lite's are in Ohio—the key events took place in California. The Court concludes that it is in the interests of justice to transfer this case back to the Central District of California.

### III. CONCLUSION

For the foregoing reasons, Allied's Motion to Transfer Venue (Doc. 56) is **GRANTED**. The Clerk of Court is directed to transfer this case to the Central District of California.

**IT IS SO ORDERED.**

Dated this 14th day of December, 2020.

BY THE COURT:

_Susan J. Dlott_
Susan J. Dlott
United States District Judge